IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Brenda Stewart, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   13 C 781 |
| | ) | |
| Equable Ascent Financial, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Brenda Stewart, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendant is headquartered, resides and transacts business here.

## PARTIES

3. Plaintiff Brenda Stewart ("Stewart"), is a citizen of the State of Alabama, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a GE Capital Corp. account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its headquarters in Buffalo Grove, Illinois, Equable operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Equable was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Equable is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect directly, or through other debt collectors.

6. Defendant Equable is authorized to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, Defendant Equable conducts extensive and substantial business in Illinois.

7. Defendant Equable is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant Equable acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. Ms. Stewart is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including debts she allegedly owed to GE Capital

Corp. At some point in time, after that debt became delinquent, Defendant Equable bought Ms. Stewart's debt, and when Defendant began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

9. Specifically, Defendant Equable hired two debt collectors, Allied Interstate ("Allied") and Weltman, Weinberg & Reis ("Weltman") to demand payment of the GE Capital Corp debt from Ms. Stewart, by sending her collection letters during December, 2011 and January, 2012.

10. On February 6, 2012, one of Ms. Stewart's attorneys at LASPD directly informed Defendant Equable as well as its collection agent Allied, that Ms. Stewart was represented by counsel, and directed Defendant Equable to cease contacting her, and to cease all further collection activities because Ms. Stewart was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter, fax confirmation and e-mail confirmation are attached as Group Exhibit C.

11. Nonetheless, Defendant Equable continued to have its other debt collector, Weltman, demand payment of the debt by sending Ms. Stewart a collection letter, dated February 22, 2012. A copy of this collection letter is attached as Exhibit D.

12. Accordingly, on March 12, 2012, Ms. Stewart's LASPD attorney again sent Defendant a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letters from Ms. Stewart's agent/attorney, LASPD, told Defendant to cease communications and cease collections (Group Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant violated § 1692c(c) of the FDCPA.

18. Defendant's violation of §1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

4

21. Defendant knew, or readily could have known, that Ms. Stewart was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Group Exhibit C), that Ms. Stewart was represented by counsel, and had directed a cessation of communications with Ms. Stewart. By sending a collection letter to Ms. Stewart (Exhibit D), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

22. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

## PRAYER FOR RELIEF

Plaintiff, Brenda Stewart, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Stewart, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Brenda Stewart, demands trial by jury.

                                        Brenda Stewart,

                                        By: /s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated: January 31, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com